Haight, J.
This action was brought to recover the amount of a promissory note given by the defendant to one Kelley upon the purchase of a horse and transferred to the plaintiff after maturity. The defense was a breach of warranty in the sale of the horse. Upon the trial the defendant testified that he saw the horse in Kelley’s barn and asked him if he had got a new horse; that one William Kelley answered, “yes, he has got all trotters now;” that Churchill Kelley then asked him if he knew of any one who wanted to buy a good horse, and that the defendant told him that he was looking after a horse, and asked him how much he wanted for the horse; that he responded, “$150.” The defendant then says to him, “he works all right;” he said, “yes, I have just unhitched him from that load of hay; I drew that load of hay and a load of straw with him; he worked all right;” says I, “you have drove him single, I suppose, and he went all right;” says he, “yes, I have.” I think that was all the talk we had. And again, in answer to the question, “Was anything said about driving him single?” Kelley' answered, “I have drove him single, and'he drives all right.”
Other evidence was given tending to show that when the horse was driven single he would at times go very fast, and *482 pull hard upon the rein, but would stop when called upon to do so.
At the conclusion of the defendant’s evidence, plaintiff requested the court to direct a verdict for the plaintiff for the amount of the note, upon the ground that no warranty had been proven, nor any breach of it. This motion was denied and exception taken". The plaintiff then had Kelley sworn as a witness, who conceded that he told the defendant that the horse drove very well with him every time that he drove him. He further testified, however, that he told him that the horse had been trained as a trotting horse, and that it took a pretty good man to hold him; that he told the defendant that he had driven him on a buggy by the side of another horse, and that he pulled pretty hard on the bit; that that was all the trouble he had seen with the horse in working or driving him; that when he was going towards home on one or two occasions the horse had started up and pulled Eretty hard on the bit, but he had had no trouble in driving im, as he was pretty strong in the arms, and could hold him easy enough. The court, in its charge, submitted to the jury the question as to whether or not there was a warranty that the horse was a good driver, and as to whether there was a breach of that warranty. At the conclusion of the charge, plaintiff’s counsel asked the court to charge that “if Kelley simply told Smith that this horse drove all right with him, then there can be no recovery by Smith upon the proof in this case.” The court so charged the jury upon the ground that in that case there could be no warranty. The plaintiff also asked the court to charge that “if Kelley told Smith that the horse was a trotter , and that it took a good man to hold him, and then Smith had an opportunity of driving this horse during the three days which it is shown he had him, and within which time he was allowed to take him, that then there can be no recovery by Smith.” this the court declined to charge and the plaintiff objected. The jury found a verdict in favor of the plaintiff for $21.59, thus allowing thirty dollars for damages for a breach of warranty.
We are inclined to the opinion that the evidence fails to establish a warranty on the part of Kelley, or a breach thereof. , It appears, as we have seen, from the defendant’s own testimony, that Kelley had had this horse but a short time, and when asked the question: “You have drove him single, I suppose, and he went all right ?” he responded: “Yes, I have.” No evidence was given tending to show that this answer was not strictly true. There is nothing in the question or answer that indicates any intention on the part of Kelley to make any contract in reference to the future conduct of the horse. The trial court appears to have *483 taken the. same view of this testimony, for it charged the jury that if Kelley simply told Smith that this horse drove all right with him, then there can be no recovery by Smith. Under this charge there was no question left for the jury to dispose of, for the testimony of the defendant was that this was all that Kelley told Smith in reference to the horse driving all right, and under this charge the court should have granted the motion of the plaintiff to direct a verdict.
But, again, the testimony of Kelley was not contradicted by the defendant. As we have seen he testified that he told the defendant that the norse was a trotter, and that it took a good man to hold him; that he pulled pretty hard on the bit, etc. If this is true then it appears that Kelley' correctly represented the true condition of the horse and the plaintiff was entitled to the charge asked for and refused by the court. It is true that the appeal book does not show that the refusal of the charge as requested was excepted to. It does, however, appear that the plaintiff “objected” to the refusal to charge. It is quite possible that the word “objected” instead of “excepted” is a misprint, but whether it is or not, it appears that the word “ objected” was used by the plaintiff in place "of the word “excepted” and doubtless was intended to express the same meaning.
Upon the trial the defendant, after testifying to the contract made with Kelley in reference to the purchase of the horse, testified that he had a conversation with one Moses. The plaintiff objected to any conversation between the witness and Moses as immaterial and incompetent. The objection was overruled and the plaintiff excepted. The witness then answered “I told Moses that Kelley said he would drive all right.” We think this was erroneous. Neither the plaintiff nor. Kelley could be bound by anything that the defendant had told a third person. The defendant was giving his own declarations to a third person in evidence. This is not permissible under any of the rules of evidence. It may be claimed that the statement to Moses was substantially the same as that made by Kelley to the defendant. But by reference to the answers it will be discovered that they materially differ. The defendant testified that Kelley said to him that he had driven the horse single and that he went all right; whereas, the defendant told Moses that Kelley said that he would drive all right, one answer referring to the past whilst the other referred to the future.
We are of the opinion that the order granting a new trial was proper and should be affirmed, with costs of this appeal.
So ordered.
Smith, P. J., Barker and Bradley, JJ., concurred.